UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20766-BLOOM/Otazo-Reyes

HECTOR P. ESPINOSA,
and other similarly situated individuals,

    Plaintiff,

v.

SO-FLO BLUE, LLC, *et al.*,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT

**THIS CAUSE** is before the Court upon the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice, ECF No. [11] (the "Motion"). Plaintiff Hector P. Espinosa and Defendants, So-Flo Blue, LLC and Odalys P. have settled this case, filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.* The parties have submitted their Settlement Agreement for the Court's approval. *See* ECF No. [11-1].

Before a court may approve a settlement agreement, it must scrutinize the agreement to determine whether it is a fair and reasonable resolution of a bona-fide dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). That is, FLSA rights – including, *inter alia*, the right to coverage as an employee under the statute or the right to liquidated damages equal to unpaid minimum wages, or the unpaid overtime compensation – cannot be abridged by private contract or waiver. *Id*. at 1352; *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (Generally, "[a] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them."); *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA provisions are

mandatory; the provisions are not subject to negotiation or bargaining between employer and employee.") (quotation omitted). As the Supreme Court explained:

> The [FLSA] was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered the national health and efficiency and as a result the free movement of goods in interstate commerce. . . . [T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damage is called for.

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-08 (1945). Accordingly, "an employer undertakes the private resolution of an FLSA dispute at his peril. . . . [I]f the employer extracts a compromise, the release of an FLSA claim approved by neither the Department of Labor nor the district court remains unenforceable." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1237 (M.D. Fla. 2010).

However, "[a]n employer and an employee may settle a private FLSA suit under the supervision of the district court. Such settlements are intended principally to resolve controversy over any FLSA terms *actually in dispute*." *Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011) (emphasis added); *see Lynn's Food*, 679 F.2d at 1354 (settlement of compromise of FLSA provisions permitted pursuant to "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."). Accordingly, if a court determines that a bona fide dispute between the parties exists as to violation of or entitlement to relief under the FLSA, it may approve a settlement which embodies a fair and reasonable resolution of the plaintiff's FLSA rights and claims – including the right to liquidated damages. *See, e.g.*, *Eiland v. U.S. Walls, LLC*, 2015 WL 478372, at *4 (M.D. Fla. Feb. 4, 2015) ("Here, the parties represent that

Case No. 23-cv-20766-BLOOM/Otazo-Reyes

Defendant disputes whether there has been a violation of the FLSA, and thus whether Plaintiff is entitled to liquidated damages. Accordingly, to the extent the settlement amount does not include liquidated damages, Plaintiff's decision not to pursue liquidated damages does not render the Agreement unfair or unreasonable."); *Patterson v. Acad. Fire Prot., Inc.*, 2014 WL 169812, at *6 (M. D. Fla. Jan. 8, 2014) (finding FLSA settlement agreement fair and reasonable where plaintiff did not receive liquidated damages under the agreement because there was a genuine dispute as to whether plaintiff was entitled to such damages).

The Court has scrutinized the Motion and Settlement Agreement. Here, the parties, both sides represented by counsel, represent that a bona fide dispute exists regarding Plaintiff's wage claims under the FLSA. ECF No. [11] at 5. Plaintiff contends that Defendants failed to comply with the FLSA concerning his entitlement to unpaid overtime wages. *Id*. at 1. Defendants deny these allegations, disputing whether the FLSA applies to Defendants, whether Plaintiff was an independent contractor, and whether Plaintiff worked the alleged number of hours on a weekly basis, among other issues. *Id*. at 5. Nevertheless, the parties have concluded that the factual and legal disputes at issue militate in favor of settlement because of the uncertainties and expense associated with proceeding to trial. *Id*. at 5-6.

The Settlement Agreement between Plaintiff and Defendants resolves all disputed claims or potential claims between the parties, including any claims for attorneys' fees and costs, for the total payment of $5,000.00. *See* ECF No. [11-1] ¶ 4. From the settlement amount, Hector Espinosa will receive $2,500.00 of which $1,250.00 represents unpaid overtime wages and $1,250.00 represents liquidated damages; Plaintiff's counsel will receive the amount of $2,000.00 as payment for fees and $500.00 for costs. *Id.* Plaintiff's counsel asserts that he charges an hourly rate of $400.00 and has spent over 18 hours on this case. ECF No. [11] at 6-7. However, he has reduced his fees and

costs in good faith to facilitate settlement. *Id.* at 7. The parties aver that the negotiation of Plaintiff's attorney's fees did not affect negotiations involving the settlement amount allocated to Plaintiff. *Id*.

Having reviewed the Motion, the Settlement Agreement, the record in this case, and applicable law, the Court finds that settlement of this action, which involves ongoing, bona fide disputes is appropriate; that the parties' Settlement Agreement is fair and reasonable given Plaintiff's claims and the nature of the issues in dispute; and that the requested attorneys' fees are fair and reasonable. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [11]**, is **GRANTED**;

2. The Settlement Agreement, **ECF No. [11-1]**, which has been duly filed as a record of the Court, is **APPROVED** in its entirety;

3. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**;

4. The above-styled case is **DISMISSED WITH PREJUDICE**;

5. The Court reserves jurisdiction for the limited purpose of enforcing the terms of the Settlement Agreement; and

6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, on April 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record